# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| v. | : | NO. 14-0319 |
| | : | |
| **NAZARIY KMET,** *et al.* | : | |
| *Defendant* | : | |

# O R D E R

**AND NOW**, this 23rd day of December 2019, upon consideration of the *Ancillary Petition* filed by Olha Yanishevska, (Doc. 229), and the Government's response in opposition, entitled *motion to dismiss the ancillary claim of Olha Yanishevska or, in the alternative, for summary judgment*, (Doc. 232), it is hereby **ORDERED** that the *Ancillary Petition* is **DENIED**, and the Government's motion to dismiss is **GRANTED**.[1]

---

[1] Olha Yanishevska ("Petitioner") is the spouse of Defendant Nazariy Kmet ("Defendant"). On November 6, 2014, Defendant pled guilty to conspiracy to commit health care fraud in violation of 18 U.S.C § 1349, and to making kickback payments to patients in violation of 42 U.S.C § 1320(a)-7(b)(2)(B). These charges arose from Defendant's scheme to defraud Medicare during the period of May 2010 through December 2012. As part of his plea agreement, Defendant agreed not to contest forfeiture, as set forth in the Notice of Forfeiture. The Notice of Forfeiture provided that Defendant's interest in certain property, including a 2009 Lexus RX 350 and a 2008 Lexus LS, was forfeitable pursuant to 18 U.S.C § 982(a)(7). Pursuant to the Notice of Forfeiture, the Government completed an administrative forfeiture proceeding which involved both the 2009 Lexus RX 350 and the 2008 Lexus LS—the same vehicles that Petitioner now seeks to have returned to him in the underlying Ancillary Petition. Petitioner claims that she owns the vehicles.

The Government objects and moves to dismiss the Petition on several grounds. As to the 2008 Lexus, the Government argues that the exclusive remedy for vacating a completed declaration of administrative forfeiture is by motion filed pursuant to 18 U.S.C. § 983(e). To prevail under this section, Petitioner must show that she never received notice of the administrative forfeiture proceedings.

Based on the numerous notification letters provided by the Government, Petitioner cannot meet her burden. The Government maintains—and has provided sufficient evidence to establish— that Petitioner received written notice of the pending administrative forfeiture of the 2008 Lexus in August 2014, both directly and through her attorney. The Government further contends that sufficient evidence exists to establish that Defendant purchased the vehicle with the proceeds of his fraud in 2011 and

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

gifted the vehicle to Petitioner in 2013.  Based on the submissions provided by the Government, this Court agrees.

In addition, proceedings concerning third-party interests in judicially forfeited property are governed by 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c).  Section 853(n) recognizes that certain third-party interests may defeat the government's ability to forfeit property; however, such interests are narrowly defined.  To defeat the forfeiture of property, a third-party claimant must show by a preponderance of the evidence either that the claimant has a legal right, title, or interest in the property that predates, or is superior to, the government's interest; or is a bona fide purchaser for value of the right, title, or interest in the property and was, at the time of the purchase, reasonably without cause to believe that the property was subject to forfeiture.  21 U.S.C. § 853(n)(6); *see also United States v. Lavin*, 942 F.2d 177, 179 (3d Cir. 1991).

As to the 2009 Lexus, the Government argues and has provided credible evidence of record that Defendant purchased the vehicle using the proceeds of his fraud.  The Government points to the resolution of a previous motion filed by Defendant pursuant to Federal Rule of Criminal Procedure 41(g).  In that motion, Defendant, on behalf of Petitioner, requested the return of the 2009 Lexus, claiming that Petitioner had used funds to purchase it from a $15,000.00 auto insurance payment obtained for a 2011 accident which had "totaled" her prior automobile.  (Doc. 49 at ¶¶ 5-6).  The Government opposed that motion, (Doc. 60), noting that Defendant had not provided any documentation to support the assertion that funds other than criminal fraud proceeds had been used to purchase the 2009 Lexus.  (Doc. 60 at p. 4).  The Government also argued that Petitioner was not the true purchaser because bank records demonstrated that the 2009 Lexus had been purchased using funds derived from Defendant's fraudulent scheme.  Defendant's motion was subsequently denied.

In its underlying motion to dismiss, the Government has provided documentation showing that the 2009 Lexus was purchased in October 2011, using an official check from TD Bank for $22,000, dated October 5, 2011, drawn from an account belonging to Defendant, despite attempts to conceal the origin of the purchasing funds.  Petitioner was aware of Defendant's unsuccessful attempt, described above, to recover the 2009 Lexus.  As noted, Petitioner cannot argue that she did not receive or have notice of the previous administrative forfeiture proceedings that commenced during the pendency of Defendant's criminal case.  As such, Petitioner has not met, and cannot meet, her burden.

Therefore, the Government's interest in both vehicles relates back to the commission of Defendant's health care fraud, which predated the purchase of the vehicles.  Since Petitioner cannot show that she had a superior legal interest that predates the Government's or that she is a bona fide purchaser for value under 21 U.S.C. § 853(n)(6), her ancillary petition fails.  Thus, under these circumstances, the Government's motion is granted.